Filed 8/11/26  P. v. Meier CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

|  |  |
|---|---|
| THE PEOPLE,<br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MICHAEL CHARLES MEIER,<br>　　　Defendant and Appellant. | C101229<br><br>(Super. Ct. Nos. CRF22-0000014, 22F-00861, 23F-006794, 23F-06779, 24F-00517) |

Defendant Michael Charles Meier appeals the trial court's denial of his request for probation and aggregate prison sentence of seven years in a judgment covering multiple cases.  Defendant requests reversal and remand arguing: (1) he is entitled to the benefit of ameliorative changes brought about by Senate Bill No. 567 (2021-2022 reg. sess.) (Senate Bill 567) and (2) the trial court abused its discretion in denying his request for probation.  The People oppose defendant's arguments, but request correction of errors in the abstract of judgment.  Agreeing with the People regarding the abstract of judgment, we will direct the trial court to correct the abstract and otherwise affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

In September 2022, defendant pleaded no contest to possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and being a transient who failed to register after moving with a specified prior conviction (Pen. Code, § 290.011, subd. (b)) in case

1

No. CFR22-0000014 and failure to update his annual registration (Pen. Code, § 290.012, subd. (a)) in case No. 22F-00861 (the 2022 cases). In exchange, the remaining counts and a third case would be dismissed, and defendant would be granted two years' probation with a suspended prison term of four years four months. This sentence included an upper term, and defendant stipulated to the existence of unspecified aggravating factors for purposes of the agreement. On November 2, 2022, the trial court confirmed defendant's agreement to a sentence including an upper term and sentenced defendant in accordance with the plea agreement.

While on probation, defendant continued to violate the law resulting in three new cases against him (the post-probation cases). Case No. 23F-06779 charged defendant with possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)) with an out on bail enhancement (Pen. Code, § 12022.1, subd. (b)). Case No. 23F-006794 charged defendant with failure to update his annual registration (Pen. Code, § 290.012, subd. (a)) with three circumstances in aggravation. Finally, case No. 24F-00517 charged defendant with possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and alleged one aggravating circumstance. The People filed probation revocation petitions in the 2022 cases alleging defendant violated his probation by committing a new law violation, and defendant's probation was summarily revoked.

In February 2024, defendant entered an open no contest plea to the post-probation cases and admitted aggravating circumstances. Defendant also admitted he violated his probation in the 2022 cases. Noting the victimless nature of most of defendant's crimes, the court released defendant with a waiver pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247 pending sentencing.

At the May 2024 sentencing hearing, the trial court denied defendant's request for probation, lifted the suspension on the previously imposed four year and four month sentence, and sentenced defendant to an aggregate prison term of seven years. The trial court's abstract of judgment listed the prison terms for all of defendant's cases, but

2

inconsistently identified the letter assigned to case No. 23F-6794 and failed to list the custody credits and fines associated with that case. Defendant timely appealed.

Due to the unavailability of the reporter's transcript from the May 2024 hearing, the trial court held a June 2025 hearing to memorialize its May 2024 sentencing determinations, as well as the parties' positions. The court denied defendant's request for probation because—although there was a current treatment program available—defendant had failed treatment, continued to use, absconded, and continued to engage in ongoing criminal behavior resulting in new criminal cases. Concerning defendant's prison sentence, the court lifted the suspension on the previously imposed term and consecutively sentenced defendant to two years eight months in case No. 23-6779 for a total aggregate term of seven years. The court imposed concurrent sentences on the remaining counts. Defendant declined the court's invitation to further augment the sentencing record.

## DISCUSSION

### I

### *Senate Bill No. 567*

Effective January 1, 2022, Senate Bill 567 altered the methodology for selecting an appropriate triad term. (§ 1170, subd. (b); Stats. 2021, ch. 731, § 1.3.) Pursuant to Senate Bill 567, when a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the trial court must impose a term not exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term exceeding the middle term and the facts underlying those aggravating circumstances (1) have been stipulated to by the defendant; (2) have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial; or (3) relate to the defendant's prior convictions and are based on a certified record of conviction. (§ 1170, subd. (b)(1)-(3); Stats. 2021, ch. 731, § 1.3.)

3

Defendant argues we must remand this case for resentencing in light of the trial court's noncompliance with these legislative changes, citing a line of appellate cases that have determined that a stipulated sentence does not prohibit the retroactive application of Senate Bill 567 to a nonfinal judgment. (See, e.g., *People v. Todd* (2023) 88 Cal.App.5th 373, review granted April 26, 2023, S279154.) The California Supreme Court recently agreed, holding individuals, "who agreed to an upper term sentence as part of a plea bargain, may seek the retroactive benefit of section 1170(b)'s amended provisions to their nonfinal judgments." (*People v. Mitchell* (2026) 19 Cal.5th 729, 735 (*Mitchell*).) However, defendant is not entitled to the relief he seeks.

Unlike the defendant in *Mitchell*, here, the retroactive application of Senate Bill 567 is not at issue. Rather, the trial court sentenced defendant pursuant to his plea agreement that included an upper term sentence *after* Senate Bill 567's effective date. (Stats. 2021, ch. 731, eff. Jan. 1, 2022.) Thus, because the ameliorative changes were in effect both at the time of defendant's plea agreement in September 2022 and original sentencing in November 2022, he does not have a claim for retroactive relief. In short, there is no need for a retroactive application of the statute here. He had the full benefit of the statute at the time he was sentenced.

Moreover, as recognized in *Mitchell*, where a defendant has validly waived section 1170(b)'s requirements, "a plea bargain that includes a stipulated upper term sentence absolves the trial court of its duty to determine that the sentence is justified by facts found in compliance with section 1170(b)(2)'s provisions." (*Mitchell, supra,* 19 Cal.5th at p. 744.) Defendant validly waived application of the statute when he stipulated to the existence of unspecified aggravating factors for purposes of the plea agreement at his change of plea hearing. Accordingly, defendant's request for reversal and remand to comply with Senate Bill 567 fails.

Given this conclusion, we do not reach the People's argument that defendant's challenge is prohibited by his failure to obtain a certificate of probable cause.

4

## II

### *The Denial of Probation*

Defendant complains the trial court abused its discretion in denying his request for probation "given the minimal nature" of his offenses and his "efforts to enter i[n]patient rehabilitation."

" ' "A denial or a grant of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner." [Citation.] A court abuses its discretion "whenever the court exceeds the bounds of reason, all of the circumstances being considered." [Citation.] We will not interfere with the trial court's exercise of discretion "when it has considered all facts bearing on the offense and the defendant to be sentenced." ' [Citation] ' "[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation. . . ." ' (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.)" (*People v. Kingston* (2019) 41 Cal.App.5th 272, 278.)

Here, defendant disagrees with the trial court's evaluation of his suitability for probation, highlighting the court's acknowledgment of his low risk when granting his *Cruz* waiver following his no contest plea, as well as the victimless nature of his offenses for drug possession and failure to register. However, defendant has not shown the court's suitability determination exceeded the bounds of reason. (*People v. Kingston, supra*, 41 Cal.App.5th at p. 278.) Here, the court denied defendant's request for probation because—although there was a current treatment program available—defendant failed his treatment program during his previous grant of probation, continued to use drugs, absconded for a period of time, and continued to engage in ongoing criminal behavior resulting in new criminal cases. In so deciding, the trial court did not abuse its sentencing discretion.

*III*

*The Abstract of Judgment*

The People ask that we direct the trial court to correct the abstract of judgment, which inconsistently identified the letter assigned to case No. 23F-6794 and further failed to list the custody credits and fines associated with that case. We agree.

Here, the second page of defendant's abstract of judgment (form "CR-290-A") incorrectly identified case No. 23F-6794 as case "A" but then correctly identified the count associated with that case as "E1." The initial designation must be corrected to identify that case No. 23F-6794 is case "E."

Further, the abstract of judgment must be amended to add the $300 restitution fine (Pen. Code § 1202.4, subd. (b)) and $300 suspended parole revocation fine (Pen. Code, § 1202.45) imposed for case No. 23F-6794, as well as the trial court's award of 18 actual days plus 18 conduct days for a total of 36 days custody credit imposed in the same case. We will direct the trial court to correct these errors and omissions in the abstract of judgment. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070, superseded by statute on other grounds as stated in *People v. Frahs* (2018) 27 Cal.App.5th 784.)

## DISPOSITION

The trial court is directed to correct the abstract of judgment to correct certain errors and omissions associated with case No. 23F-6794 consistent with this opinion. The judgment is affirmed.

/s/
HULL, Acting P. J.

We concur:

/s/
KRAUSE, J.

/s/
MESIWALA, J.

7